IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

-------------------------------------------------------
:
: CASE NO. 4:09 CV 2759
ROGELIO BAUTISTA, :
              Petitioner :
: **MEMORANDUM OF OPINION AND**
    -vs- : **ORDER DENYING PETITIONER'S**
: **WRIT OF HABEAS CORPUS**
:
JOHN T. SHARTLE, :
              Respondents. :
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is pro se petitioner Rogelio Bautista's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). Mr. Bautista is incarcerated at the Federal Correctional Institution in Elkton, Ohio (FCI-Elkton). The Warden at F.C.I.– Elkton, John T. Shartle, has responded (Doc. 8) and Mr. Bautista has replied. (Doc. 9). Having reviewed the petition, the Court must deny relief because Bautista's claims are not cognizable in a petition for a writ of habeas corpus pursuant to § 2241.

### Background

On 1 November 2005, Bautista was convicted in the Northern District of Illinois after a trial by jury for conspiring to distribute 500 grams or more of methamphetamine and to manufacture methamphetamine, for distributing approximately one pound of methamphetamine, and for attempting to manufacture approximately 450 grams of methamphetamine, all in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2.

United States v. Rogelio Bautista, et al., Case No. 5 CR 019 (U.S.D.C. N.D. of Illinois). Bautista was sentenced on 13 March 2007 to a term of 235 months imprisonment which the U.S. Court of Appeals, Seventh Circuit confirmed on 14 July 2008. Bautista filed a motion pursuant to 28 U.S.C. § 2255, which the sentencing court dismissed on 13 July 2009. The Seventh Circuit Court of Appeals affirmed the dismissal of Bautista's § 2255 motion on 8 October 2009.

In his § 2241 petition before this Court, Bautista maintains the following four claims: 1) the district court failed to establish its subject matter jurisdiction; 2) the district court failed to reflect its "authorized jurisdiction" on the record "so as to . . . comply with the provision of the due process clause of the constitution"; 3) ineffective assistance of counsel because counsel failed to require the government or court to prove its venue and subject matter jurisdiction; 4) Fifth Amendment violation because the indictment lacked the signatures of the U.S. Attorney and grand jury foreperson. (Doc. 1, Petition, pp. 4-23).

For the reasons discussed below, the Court will deny Bautista's § 2241 habeas petition.

### Law and Argument

Bautista's challenge to his sentence may not be pursued in this habeas proceeding under Section 2241. Such claims require the filing of a post-conviction motion under 28 U.S.C. § 2255 with the trial court. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his or her sentence is being carried out, such as the computation of sentence

2

credits or parole eligibility. United States v. Jalili, 925 F.2d 889, 894 (6th Cir. 1999). As previously indicated, Bautista has already sought and been denied relief under § 2255.

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him [or her] relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755–56 (6th Cir. 1999). In this case, Bautista is attacking the imposition of his sentence and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Bautista carries the burden of demonstrating that the § 2255 "savings clause" applies allowing him to now petition under § 2241. Id. at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a

3

second or successive motion to vacate." Id. After its decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in Charles, "[ t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758).

The § 2255 remedy might be inadequate or ineffective when the Supreme Court announces a new statutory interpretation. Even in that circumstance, a prisoner can obtain relief under § 2241 only if he or she is "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804–05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "Actual innocence means factual innocence." Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

4

Bautista had ample opportunity to litigate the issues he now places before the Court under the rubric of a § 2241 petition. His challenge was cognizable under § 2255 and he has not now provided any evidence that the § 2255 "savings clause" enables the § 2241 petition now before the Court. Bautista has not established that he is actually innocent of the underlying offenses of which he was convicted. Accordingly, Bautista's § 2241 claim is without merit and will be dismissed.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v.. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); see also Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

5

**Conclusion**

Based on the foregoing, the petition is dismissed pursuant 28 U.S.C. § 2243. In this case, because Bautista is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE